1  Peter E. Garrell, Esq. (SBN 155177)
        pgarrell@garrelllaw.com
2  John M. Kennedy, Esq. (SBN 156009)
        jkennedy@garrelllaw.com
3  GARRELL LAW, P.C.
   1875 Tandem Way
4  Norco, CA 92860
   Tel/Fax:  (714) 451-4148
5
   Attorneys for Defendants
6  Santa Barbara Hospitality Services, Inc.,
   The Spearmint Rhino Companies Worldwide, Inc.,
7  Spearmint Rhino Consulting Worldwide, Inc. and
   Santa Barbara Hospitality Services, LLC
8
9              **UNITED STATES DISTRICT COURT**
10        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11                    **EASTERN DIVISION**
12

| | |
|---|---|
| 13  LAUREN BYRNE, on behalf of herself and all others similarly situated, | Case No. 5:17-cv-00527 JGB (KKx) |
| 14                              Plaintiff, | [Assigned for All Purposes to The Hon. Jesus G. Bernal] |
| 15  vs. | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR STAY OF CLASS AND COLLECTIVE ACTION PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 17  SANTA BARBARA HOSPITALITY SERVICES, INC., THE SPEARMINT RHINO COMPANIES WORLDWIDE, INC., SPEARMINT RHINO CONSULTING WORLDWIDE, INC., and SANTA BARBARA HOSPITALITY SERVICES, LLC, | *[Declarations of John M. Kennedy and Kathy Vercher; and [Proposed] Order Filed Concurrently Herewith]* |
| 20                              Defendants. | Date:          August 21, 2017 Time:          9:00 am Courtroom:   1 |
| | Date Action Filed: March 21, 2017 Trial Date:  NONE |

21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION.................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES..........................................1

I.     INTRODUCTION AND RELIEF REQUESTED ........................................1

II.    RELEVANT FACTUAL BACKGROUND ................................................3

      A.     Plaintiffs Sign Arbitration Agreements With Class Action
           Waivers..................................................................................3

III.   ARGUMENT ............................................................................................4

      A.     The Court Has Broad Discretion To Control Its Docket
           And Enter A Stay ..................................................................4

           1.     A Limited Stay Of Class And Collective Action
                 Treatment Pending The Supreme Court's Decision
                 Could Substantially Narrow The Issues, Proof And
                 Questions Of Law In This Lawsuit And Result In An
                 Orderly Course Of Justice ............................................5

           2.     Defendants Will Suffer Significant Hardship If The
                 Class Action Goes Forward ...........................................8

           3.     Plaintiffs Will Suffer No Prejudice By The Stay ........8

           4.     Other Case Management Grounds Supporting A Stay...9

IV.    CONCLUSION .......................................................................................10

---

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AT&T Mobility LLC v. Concepcion*
   563 U.S. 333 (2011) ................................................................. 7

*Centeno v. Inslee*
   310 F.R.D. 483 (W.D. Wash. 2015) ....................................... 6

*Clinton v. Jones*
   520 U.S. 681 (1997) ................................................................. 4

*CMAX, Inc. v. Hall*
   300 F.2d 265 (9th Cir. 1962) ................................................... 5

*Epic Systems Corp. v. Lewis*
   (U.S. Jan. 13, 2017) ................................................................. 1

*Ernst & Young LLP v. Morris*
   (U.S. Jan. 13, 2017) .......................................................*passim*

*Hoffman-La Roche Inc. v. Sperling*
   493 U.S. 165 (1989) ................................................................. 5

*Knapp v. Reid*
   2016 WL 561734 (W.D. Wa. 2016) ....................................... 5

*Kwan v. Clearwire Corp.*
   2011 WL 1213176 (W.D. Wa. 2011) ................................. 4, 7

*Landis v. N. Am. Co.*
   299 U.S. 248 (1936) ........................................................ 4, 5, 6, 7

*Lennartson v. Papa Murphy's Holdings, Inc.*
   2016 WL 51747 (W.D. Wa. 2016) ..................................... 4, 5

*Lewis v. Epic Systems Corp.*
   823 F.3d 1147 (7th Cir. 2016) ................................................. 1

*McElrath v. Uber Technologies, Inc.*
   2017 WL 1175591 (N.A. Ca. 2017) .................................*passim*

*McIalwain v. Green Tree Servicing, LLC*
   2014 WL 12526281 (W.D. Wa. 2014) .................................................. 5, 6

*Mediterranean Enters., Inc. v. Ssangyong Corp.*
   708 F.2d 1458 (9th Cir. 1983) .................................................................. 4

*Morris v. Ernst & Young LLP*
   834 F.3d 975 (9th Cir. 2016) ..................................................................... 1

*Murphy Oil USA, Inc. v. N.L.R.B.*
   808 F.3d 1013 (5th Cir. 2015) ................................................................... 1

*NLRB v. Murphy Oil USA, Inc.*
   (U.S. Jan. 13, 2017) ................................................................................ 1

*Rittmann v. Amazon.com, Inc.*
   2017 WL 1079926 (W.D. Wa. 2017) ........................................... 3, 7, 8, 9

*Stoican v. Cellco Partnership*
   2010 WL 5769125 (W.D. Wa. 2010) ........................................................ 5

**Statutes**

29 U.S.C. § 216(b) ........................................................................................ 7

**Other Authorities**

Fed. R. Civ. P. 16(c)(2) ............................................................................... 9

Fed. R. Civ. P. 26(f) .................................................................................... 9

## NOTICE OF MOTION AND MOTION

### TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on August 21, 2017 at 9:00 a.m., in Courtroom 1 of this Court, located at 3470 Twelfth Street, Riverside, CA 92501, pursuant to this Court's inherent power to control its own docket, Santa Barbara Hospitality Services, Inc., The Spearmint Rhino Companies Worldwide, Inc., Spearmint Rhino Consulting Worldwide, Inc. and Santa Barbara Hospitality Services, LLC ("Defendants"), will, and hereby do move the Court for an order staying any class action or collective action proceedings in this case pending a decision by the United States Supreme Court in three actions in which it has granted *certiorari*: *Epic Systems Corp. v. Lewis* (U.S. Jan. 13, 2017) (No. 16-285); *Ernst & Young LLP v. Morris* (U.S. Jan. 13, 2017) (No. 16-300), and *NLRB v. Murphy Oil USA, Inc.* (U.S. Jan. 13, 2017) (No. 16-307) (hereinafter referred to as "*Morris*").

Defendants file this motion because responsive pleadings are due July 21, 2017.  However, before filing the present motion, pursuant to Local Rule 7-3, counsel have substantively and meaningfully met and conferred in person, in writing and telephonically regarding the issues raised in the Complaint, including: whether the Complaint is subject to arbitration; whether Plaintiffs waived their right to pursue class/collective action relief; whether any such class relief issues should be stayed pending resolution of *Morris*; and the impact, if any, of motions heard in *Ortega v. Spearmint Rhino Companies Worldwide Inc., et al.*; Case No: 5:17-cv-00206 JGB (KKx) on June 12, 2017.  See Kennedy Declaration ("Kennedy Decl.,"), at ¶¶ 2-5.

In *Ortega*, the District Court ruled on three motions on June 12, 2017, (1) the plaintiff's motion for class notice pursuant to 29 U.S.C. § 216(b) (*Ortega* Court Dkt. #16); (2) the defendants' motion to compel arbitration (*Ortega* Court Dkt. #18); and (3) the defendants' motion to stay (*Ortega* Court Dkt. #21).  In *Ortega*, the court granted the motion to stay proceedings until October 31, 2017.  *Ortega* Court Dkt. #48.  Based upon that written ruling, counsel further met and conferred

telephonically on July 17 and 18, 2017, in advance of filing this motion.  Kennedy Decl., ¶ 5.  Given the ruling in *Ortega*, counsel for Defendants proposed the parties enter into a stay similar to the stay in *Ortega* as the Plaintiffs in this action executed identical arbitration agreements to those at issue in *Ortega*.  See *Ortega* Court Dkt. 48; Kennedy Decl., ¶ 5; Vercher Declaration ¶¶ 9-17.  Although initially granting extensions in part to ascertain how the court would rule in *Ortega*, counsel for Plaintiffs refused to stipulate to a stay similar to the stay entered by the Court in *Ortega*.  Kennedy Decl., ¶¶ 3, 5.

However, a stay makes practical sense and it is supported by the three-part test applicable when a pending case will be impacted by resolution of independent proceedings – such as proceedings before the United States Supreme Court.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  A stay will promote the orderly administration of justice.  The absence of a stay will cause Defendants (and the Court) to sustain substantial hardship.  Finally a stay will not prejudice Plaintiff.

In particular, a decision by the United States Supreme Court in *Morris* will, one way or another, answer the substantively important and material question at issue here:  whether class action waivers are enforceable under the Federal Arbitration Act. If the United States Supreme Court determines that class action waivers are enforceable, then the scope of this litigation will be substantially narrowed; subject first to arbitration of individual claims.  Any time or resources devoted to litigating the class portion of this case before a decision on that critical issue would be nothing but wasteful (to the Court and the parties).  See *Cherny v. AT&T, Inc.*, 2010 WL 2572929, *1 (C.D. Ca. 2010) (sets forth test for determining when to stay an action pending the grant of *certiorari* in an independent action); *Pokorny v. Quixtar, Inc.* 2008 WL 1787111, *2 (N.D. Ca. 2008) (same).  In fact this court has already entered such an order on identical agreements in *Ortega* after full briefing and argument.

By contrast, this Court's entry of an order staying this action until the Supreme Court issues a ruling in *Morris*, will mean that this Court and the parties will not be

required to unnecessarily expend substantial time and resources considering class certification in a case that may not ever proceed as a class action; but have to proceed to individual arbitration actions in the first instance.

Defendants seek a stay until October 31, 2017 – consistent with *Ortega* and the stipulation to stay followed by a status report.  Plaintiffs will not be prejudiced by granting a stay of the class action portion of this case.  If the Supreme Court determines class action waivers are enforceable, the parties can arbitrate Plaintiffs' individual claims, if the waivers are not enforceable, the parties can return to this Court in relatively short order to address the class claims.

The motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities presented below; the Declarations of John M. Kennedy, Esq., and Kathy Vercher, and supporting exhibits; all other pleadings and papers filed in this action, and any argument and/or evidence that may be presented at or prior to the hearing in this matter.


Dated: July 20, 2017                                GARRELL LAW, P.C.


                                                    By: */s/ Peter E. Garrell*
                                                    Peter E. Garrell
                                                    Attorneys for Defendants
                                                    Santa Barbara Hospitality Services, Inc.,
                                                    The Spearmint Rhino Companies Worldwide,
                                                    Inc., Spearmint Rhino Consulting Worldwide,
                                                    Inc. and Santa Barbara Hospitality Services,
                                                    LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND RELIEF REQUESTED

This is a disputed class-action misclassification case.  When becoming a performer, Plaintiff Lauren Byrne ("Plaintiff") executed a written arbitration agreement, which requires arbitration of all of her claims, and which state that "claims must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective and/or representative proceeding." See Vercher Decl. at ¶ 5, 8, Ex. A.[1]

The issue of whether such waivers are enforceable is presently before the Supreme Court in *Morris*.  In particular, the United States Supreme Court's recently granted *certiorari* on the question of:

> Whether an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act.

*Epic Systems Corp. v. Lewis* (U.S. Jan. 13, 2017) (No. 16-285).  *See also Ernst & Young LLP v. Morris* (U.S. Jan. 13, 2017) (No. 16-300), and *NLRB v. Murphy Oil USA, Inc.* (U.S. Jan. 13, 2017) (No. 16-307); collectively referred to herein as "*Morris*."[2]

For this reason, and based upon the June 12, 2017 ruling in *Ortega*, Defendants requested the Parties stipulate to a stay.  Kennedy Decl. ¶ 6.  A number of substantive and material issues in this action turn entirely upon how the Supreme Court decides *Morris*.  Before financial resources are devoted to class notice and class issues – of a presently uncertified class – this Court and the parties would

---

[1] Not original Plaintiffs, Jennifer Diaz, Bianca Haney, Bambie Bedford, Cynthia Garza and Brooke Richart later filed a "consent to join action" pleading.  (*Byrne* Court Dkt. #28, 30, 33).  Each executed an identical arbitration agreement with class/collective action waiver.  Vercher Decl., ¶¶ 5-6, 9-14; Exs. B-F.

[2] The corresponding circuit court decisions are *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016); *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016); and *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013 (5th Cir. 2015).

1  benefit substantively by a ruling from the Supreme Court on this hugely pivotal

2  issue.  If the Supreme Court concludes the class action waiver is enforceable,

3  Plaintiff's claims must be arbitrated on an individual basis.  In addition, no party is

4  prejudiced by waiting for a ruling in *Morris*.  A stay makes pragmatic sense for the

5  Court and the parties (as they have stipulated).  Defendants respectfully submit this

6  Court should stay any class or collective action issues until *Morris* is decided which

7  will determine if there will be a requirement for Plaintiff to arbitrate her individual

8  claims.

9        In *Ortega*, a case involving identical arbitration agreements (but some

10 different parties), the Court ruled on June 12, 2017 as follows:

11        "As the above discussion makes clear, the Supreme Court's

12        decision in <u>Morris</u> will control the outcome of this case:  if the Supreme

13        Court affirms the Ninth Circuit's decision, Plaintiff will likely be able to

14        move forward on her collective action claims in this Court; if it issues a

15        reversal, Plaintiff will be bound by the [Arbitration] Agreement and

16        required to individually arbitrate her claims.  Given the centrality of

17        <u>Morris</u> to the outcome here, the Court finds that a stay–at least in some

18        form–may be appropriate to allow for resolution on the question of

19        whether the arbitration agreement is enforceable despite its bar on

20        collective action."

21 (*Ortega* Court Dkt. #48 at p. 14; Kennedy Decl., ¶ 4; Ex. A.)  In its conclusion, the

22 *Ortega* Court denied the defendants' motion to compel arbitration pending a

23 decision by the Supreme Court in *Morris*; denied the plaintiff's motion for

24 conditional certification but granted, in part, the defendant's motion to stay.  The

25 *Ortega* Court stayed the matter until October 31, 2017, in all respects except for

26 limited discovery regarding the merits of a motion for conditional certification of a

27 collective action.  (*Ortega* Court Dkt. #48 at p. 14.)  Here, Defendants seek the same

28 stay until October 31, 2017, consistent with the ruling in *Ortega*.

1    A stay was entered in the analogous case of *Rittmann v. Amazon.com, Inc.*,

2  2017 WL 1079926 at *1 (W.D. Wa. 2017).  There, on March 22, 2017, the district

3  court entered a stay of further class proceedings (involving alleged misclassification)

4  to await a ruling in *Morris*.  See also *McElrath v. Uber Technologies, Inc.*, 2017 WL

5  1175591 (N.A. Ca. 2017) (court entered stay on March 30, 2017 pending a ruling in

6  *Morris*).

7    The parties and the Court can revisit class and/or collective certification issues

8  after having the benefit of substantive guidance from the United States Supreme

9  Court of the issue of the enforceability of the class action waiver.  In contrast to

10  these benefits, a stay will not harm or prejudice Plaintiffs in any cognizable way.

11  **II.    RELEVANT FACTUAL BACKGROUND**

12    **A.    Plaintiffs Sign Arbitration Agreements With Class Action Waivers**

13    Plaintiff Byrne and the five Opt-In Plaintiffs all executed agreements to

14  perform at the Spearmint Rhino nightclubs; which agreements contain arbitration

15  provisions with class/collective action waivers.  Vercher Decl., ¶¶ 5-16; Exs. A-F.

16  Each arbitration agreement required Plaintiffs to arbitrate all of their claims pled in

17  the present lawsuit.  *Ibid.*  Each arbitration agreement included an agreement to

18  waive a class, collective, and/or representative proceeding (except the PAGA claims)

19  in order for such disputes to be resolved on an individual basis, specifically:

20      *"Unless controlling legal authority requires otherwise, arbitration*

21      *claims must be brought in the Parties' individual capacity, and not as*

22      *a plaintiff or class member in any purported class, collective and/or*

23      *representative proceeding."*

24  *Ibid.*  Each agreement contained a severability and substitution clause.  *Ibid.*  In the

25  event that a portion of the arbitration agreements were found by the court to be

26  "*invalid or unenforceable*" then a "*valid, lawful and/or enforceable provision which*

27  *will carry out the intent of the particular provision…shall be substituted in its place*"

28  and the remainder of the Arbitration Agreement is to remain valid and enforceable.

*Ibid.*

Each Plaintiff acknowledged and agreed that she was provided "*adequate time,*" she had "*carefully read the Arbitration Agreement,*" she "*entered into the Arbitration Agreement voluntarily,*" and that she received a copy of the Agreements. Vercher Decl., ¶¶ 8-13, Exs. A-F.

The Arbitration Agreements executed in this case are identical to the Arbitration Agreements at issue in *Ortega*.  Vercher Decl., ¶ 17.

**III.    ARGUMENT**

**A.    The Court Has Broad Discretion To Control Its Docket And Enter A Stay**

The power to stay proceedings is incidental to the power inherent in every district court to control its own docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  Indeed, a district court has broad discretion to stay its own proceedings.  This power includes staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

The Court weighs <u>three</u> factors in determining whether to grant a stay when resolution of an independent proceeding bears upon a pending case:  (1) whether the stay will promote the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay;" (2) the hardship or inequity that a party (i.e. Defendants) may suffer in being required to go forward; and (3) the possible "damage" (to Plaintiffs) that may result from granting a stay.  *Landis, supra,* 299 U.S. at 254; *Kwan v. Clearwire Corp.*, 2011 WL 1213176, *2 (W.D. Wa. 2011) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); see also *Lennartson v. Papa Murphy's Holdings, Inc.*, 2016 WL 51747, at *5 (W.D. Wa. 2016) (same).

These *Landis* or *CMAX* factors favor a limited stay.  While an intervening decision in *Morris* finding class action waivers to be enforceable will not eliminate Plaintiff's individual claims, such a decision will certainly "*simplify*" the proceedings and result in an orderly course of justice.  (Even a decision invalidating class action waivers would be a benefit as it would lift so much uncertainty.)[3]  In other words, the issue is whether the matter is simplified, not whether it will dispose of all claims or issues.  *Lennartson*, 2016 WL 51747, at *5 (emphasis added); *McIalwain v. Green Tree Servicing, LLC*, 2014 WL 12526281, at *2 (W.D. Wa. 2014) (same).

On another point, even though the Ninth Circuit's decision in *Morris* is still controlling is not a ground for objecting to the proposed stay.  *See, e.g., Knapp v. Reid*, 2016 WL 561734 at *2 (W.D. Wa. 2016) (staying proceedings following Supreme Court's decision to hear standing issue, notwithstanding the court's determination that "Ninth Circuit law remain[ed] controlling"); *Stoican v. Cellco Partnership*, 2010 WL 5769125 at *2 (W.D. Wa. 2010) (stay pending Supreme Court's review of controlling Ninth Circuit decision).

**1.    A Limited Stay Of Class And Collective Action Treatment Pending The Supreme Court's Decision Could Substantially Narrow The Issues, Proof And Questions Of Law In This Lawsuit And Result In An Orderly Course Of Justice**

The touchstone of the FLSA certification process is judicial efficiency.  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (the purpose of allowing a collective action is to provide for "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful conduct]").  Staying this case until after the Supreme Court's ruling in *Morris* will markedly simplify the issues, proof, and questions of law in this action.  One way or another, the Court and the parties will benefit from a ruling in *Morris*.

---

[3] At some point, Defendants may have to file motions to compel arbitration; but those motions should await a ruling in *Morris*.

1   Further, a stay will ensure this Court has the benefit of the Supreme Court's
2   guidance on key issues, such as whether the arbitration agreements in the cases
3   before it are procedurally or substantively unconscionable with a class or collective
4   action waiver. *See Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015)
5   (granting stay after finding that Supreme Court's decision, even if not dispositive,
6   was "likely to influence" the court's "understanding" of central issue in case);
7   *McIalwain*, 2014 WL 12526281 at *1 ("[f]or a stay to be appropriate it is not
8   required that the issues of such proceedings [on appeal] are necessarily controlling of
9   the action before the court"). There is no doubt that, whichever way the Supreme
10  Court rules, its holding and its rationale will bear significantly on the scope of this
11  case.

12  Here, the Supreme Court's decision in *Morris* will determine whether an
13  arbitration agreement containing a class and collective action waiver is enforceable
14  or not. That decision, in turn, could immediately impact the potential size of the
15  putative FLSA class sought in this case. If the Supreme Court agrees that class and
16  collective action waivers are enforceable, only Plaintiffs' individual claims remain
17  and those must be arbitrated.[4] By contrast, if the Supreme Court holds that the
18  NLRA bars class and collective action waivers (whether completely or otherwise),
19  this Court will be required to examine class and other issues.

20  *McElrath v. Uber Technologies, Inc.*, 2017 WL 1175591 (N.D. Ca. 2017) is
21  directly on point. There, the district court denied a motion to order an Uber driver to
22  arbitrate his individual claims (for reasons not applicable here). However, the court
23  granted a stay, finding that the significance of the grant of *certiorari* in *Morris*
24  compelled this result. *Id*. at *1. That court found that all three *Landis* factors
25  weighed in favor of the stay: a decision in *Morris* would result in the orderly

26
27  [4] The PAGA claims, which are derivative of the claims on the merit, should also be
    stayed here until there is a finding of an underlying Labor Code violation either in
    arbitration or before this Court – depending upon the Supreme Court's ruling in
28  *Morris*.

administration of justice; the defendant would suffer significant hardship by defending a class action that could be moot; and the plaintiff would suffer no prejudice as he would still have a forum to pursue his individual claims. *Id. at **1-6*.

As noted above, *Rittmann* is also directly on point. There, Amazon drivers claimed they had been misclassified. 2017 WL 1079926 at *1. Soon after filing the complaint, the plaintiff there filed a motion for pre-certification notice pursuant to 29 U.S.C. § 216(b). The *Rittmann* court granted Amazon's motion to stay pending the Supreme Court's decision in *Morris*. *Id*. at *1-2. The court found all three *Landis* factors weighed in favor of the stay and granted the motion to stay. *Id*. at *1-3.

The procedural posture and circumstances in *Kwan* are also *strikingly similar* to those presented here. 2011 WL 1213176, at *2. There, the defendants moved to compel two of the three named plaintiffs to individual arbitration. *Id.* at *1. Plaintiffs opposed that motion on the ground that the class action waiver in plaintiff's arbitration agreement violated state law. *Id.* at *2. While the defendants' motion to compel was pending, the Supreme Court granted *certiorari* in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), to decide whether the Ninth Circuit erred by holding that the FAA does not preempt state law from conditioning enforcement of an arbitration clause on the availability of a class action. In weighing the potential harm to defendants of not staying the case, the court specifically identified the "substantially greater" burdens associated with class discovery compared to individual arbitration. *Id.* at *3. Recognizing the unmistakable burden of litigating a nationwide class action, the court stayed the action, holding that given "the significant possibility that the arbitrability of [plaintiff's] claims . . . will turn on the Supreme Court's opinion in *Concepcion*, the court finds it inefficient to proceed with litigation of this case." *Id.* (quoting *Stoican*, 2010 WL 5769125 at *2 (granting stay pending decision in *Concepcion*)). The *Kwan* Court's decision proved prescient, as the Supreme Court reversed the Ninth Circuit.

## 2. Defendants Will Suffer Significant Hardship If The Class Action Goes Forward

If the case moves forward on a class action or collective action basis, extensive and costly discovery and litigation will necessarily follow.  Class notice is expensive.  Gathering class information and devoting administrative time to this process is costly and time consuming.  Indeed, this is not just about attorney time, but it will also involve significant time and resources in various human resources and accounting departments to compile information.  All of this may be rendered moot or unnecessary by the Supreme Court's decision in *Morris*.  If it turns out that substantial amounts of money are spent unnecessarily on litigating issues like whether counsel is entitled to personal information, a substantial miscarriage of justice will have been accomplished.

Finally, this Court would have devoted substantial time and resources to resolving a number of disputes that could be rendered moot by the Supreme Court.  Preserving the limited judicial resources for other pending matters simply makes sense and, that consideration alone, demands a stay.

## 3. Plaintiffs Will Suffer No Prejudice By The Stay

In contrast, a stay presents no prejudice to Plaintiffs or to putative class members.  Indeed, Plaintiffs stipulated to the stay.

In addition, the fact that monetary relief may be denied or delayed to Plaintiffs or members of the putative class is not the kind of harm to serve as a foundation to deny a stay in these circumstances.  *McElrath, supra*, 2017 WL 1175591 *6 (citing *Lockyer v. Mirant Corp.*, 398 F.23d 1098, 1110 (9th Cir. 2005).)

The requested limited stay will not implicate the statute of limitations or otherwise affect or bar some putative members' claims.  This argument was rejected in *Rittmann, supra*, 2017 WL 1079926 at *2-3.  Indeed, it is highly unlikely that the statute of limitations will affect any claims.  Plaintiffs claim that the misclassification is presently ongoing and the statute of limitations is three or four years.  It would be

incredibly unlikely that these claims could ever be impacted by a three or four year statute of limitations.  Moreover, as noted in *Rittmann*, this argument seeks to protect individuals who have not made claims against Defendants and are not even parties to any lawsuit.  Their limited interest in a stay is far outweighed by the huge burden this case will present to this Court and Defendants if it were to proceed as a class action and then be rendered moot by a decision in *Morris*.

The district court in *McElrath* also addressed the issue of the timing of a decision from the Supreme Court in *Morris* and whether that timing causes prejudice.  The plaintiff there asserted it would be a hardship to wait for the Supreme Court to rule.  The *McElrath* court responded that two concrete factors outweighed the concern about timing.  First, a stay was warranted in this context when a case, like the present case, is still in its early stages.  Second, when the outcome of the Supreme Court decision – in *Morris* – will have a significant impact on the present case one way or another, the stay is warranted despite some delay.  *McElrath, supra*, 2017 WL 1175591 *6.  Thus, having to wait for the Supreme Court's decision in *Morris* will not prejudice Plaintiffs.

### 4.    Other Case Management Grounds Supporting A Stay

Support for a stay also emanates from Fed. R. Civ. P. 16(c)(2) and 26(f) relating to matters for consideration in an initial discovery plan and an initial pretrial conference.  Those rules contemplate that the Court and the parties should know whether the number of potential plaintiffs will be one or potentially thousands before litigating; whether and to whom notice of this case should go; what discovery is needed and from whom; what the overall scope of this case looks like; what schedule is appropriate; who will be witnesses; how long any trial likely would be; whether there is any chance of the case being resolved by the parties; and the like.

These questions cannot now be answered, but they will be in a relatively short time when the Supreme Court issues its decision.  Waiting for a decision in *Morris* is the prudent course of action and will not prejudice Plaintiffs.  Answers to the

foregoing issues early in the case will only assist the Court and the parties with litigating the matter in an orderly process.

## IV.    CONCLUSION

Consistent with this Court's prior ruling in *Ortega*, Defendants submit that a brief stay (till October 31, 2017, following which the parties should file a status report with the Court) makes eminent and pragmatic sense.  What the Supreme Court does in *Morris* will materially affect the basic nature of this litigation.  Either it will or will not be a class or collective action.  Defendants respectfully request that the Court stay the action the Supreme Court decides *Morris*, which decision will allow the parties to know the next steps to take in this case.

Dated: July 20, 2017                              GARRELL LAW, P.C.


                                                        By: */s/ Peter E. Garrell*
                                                        Peter E. Garrell
                                                        Attorneys for Defendants
                                                        Santa Barbara Hospitality Services, Inc.,
                                                        The Spearmint Rhino Companies Worldwide,
                                                        Inc., Spearmint Rhino Consulting Worldwide,
                                                        Inc. and Santa Barbara Hospitality Services,
                                                        LLC