WILLIAM X. KING (SBN 291202)
will.king@feldman.law
CASEY T. WALLACE
(*pro hac vice pending*)
casey.wallace@feldman.law
FELDMAN & FELDMAN, PC
3355 W. Alabama, Suite 1220
Houston, TX 77098
Tel: (713) 986-9471
Fax: (713) 986-9472
ATTORNEYS FOR INTERVENORS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| LAUREN BYRNE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>SANTA BARBARA HOSPITALITY, INC., THE SPEARMINT RHINO COMPANIES WORLDWIDE, INC.SPEARMINT RHINO CONSULTING WORLDWIDE, INC., and SANTA BARBARA HOSPITALITY SERVICES, LLC,<br><br>Defendants. | Case No. 5:17-cv-00527 JGB (KKx)<br><br>[Assigned to The Hon. Jesus G. Bernal]<br><br>**INTERVENOR-CROSS CLAIMANT'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 28, 2017<br>Time: 9:00 a.m.<br>Courtroom: 1<br><br>Date Action Filed: March 21, 2017<br>Trial Date: None. |

# TABLE OF CONTENTS


NOTICE OF MOTION AND MOTION ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........ 2

BACKGROUND ........ 2

ARGUMENT ........ 4

I. The Dancer Intervenors Have a Direct, Substantial and Legally Protectable Interest in Preserving Their Ownership Status with the Defendant Club. ........ 5

II. Disposition of This Action Will Impair and Impede the Dancer Intervenors' Ability to Protect Their Interest in Preserving Their Ownership or Non-Employee Status. ........ 8

III. No Party to this Action Adequately Represents the Dancer Intervenors' Interests. ........ 9

IV. This Application is Timely Because Dancer Intervenors Acted Diligently As Soon As They Learned of Their Interest in This Case and Because No Substantive Issues Have Yet Been Decided. ........ 11

V. In the Alternative, This Court Should Allow Permissive Intervention. ........ 12

CONCLUSION ........ 13

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Arakaki v. Cayetano*,
324 F.3d 1078 (9th Cir. 2003) .......... 5, 10

*B.G.N. Fremont Square Ltd. v. Chung*,
No. CV 10-9749 GAF, 2011 U.S. Dist. LEXIS 161042 (C.D. Cal. Sep. 27, 2011).......... 5

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*,
712 F.3d 1349 (9th Cir. 2013) .......... 12

*California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
309 F.3d 1113 (9th Cir. 2002) .......... 11

*California v. Tahoe Reg'l Planning Agency*,
792 F.2d 775 (9th Cir.1986) .......... 9

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
647 F.3d 893 (9th Cir. 2011) .......... 5, 9

*City of Emeryville v. Robinson*,
621 F.3d 1251 (9th Cir. 2010) .......... 5

*Cty. of Fresno v. Andrus*,
622 F.2d 436 (9th Cir. 1980) .......... 6

*Cty. of Orange v. Great Lakes Reinsurance (UK) PLC*,
No. SACV 12-1615-JST, 2013 U.S. Dist. LEXIS 199126 (C.D. Cal. Mar. 7, 2013) .......... 13

*D N.W. Houston, Inc. v. Coronado*,
No. 4:130-cv-092179 (S.D. Tex. Dec. 23, 2015).......... 8, 11

*Dilks v. Aloha Airlines*,
642 F.2d 1155 (9th Cir. 1981) .......... 6, 11

*Donnelly v. Glickman*,
159 F.3d 405 (9th Cir. 1998) .......... 5, 12

*Greene v. United States*,
996 F.2d 973 (9th Cir. 1993) .......... 5

*Lennar Mare Island, LLC v. Steadfast Ins.Co*,
No. 2:12-cv-02182, 2016 U.S. Dist. LEXIS 139383 (E.D. Cal. Oct. 5, 2016).......... 13

*Northwest Forest Resource Council* (“*NFRC*”) *v. Glickman*, 82 F.3d 825 (9th Cir.1996) .......... 9

*Reich v. AMC/York-Estes Corp.*, 64 F.3d 316 (7th Cir. 1995) .......... *passim*

*Sierra Club v. United States EPA*, 995 F.2d 1478 (9th Cir. 1993) .......... 6, 7

*Southern California Edison Co. v. Lynch*, 307 F.3d 794 (9th Cir. 2002) .......... 5

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) .......... *passim*

**RULES**

FED. R. CIV. P. 24(a)(2) .......... 4, 8

FED. R. CIV. P. 24(b)(1)(B) .......... 12

FED. R. CIV. P. 24(b)(2) .......... 4

FED. R. CIV. P. 24(b)(3) .......... 12

**TREATISES**

6 JAMES W. MOORE ET AL., MOORE’S FEDERAL PRACTICE (3d ed. 2008) .......... 5, 8

# NOTICE OF MOTION AND MOTION

**TO THE PARTIES THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 28, 2017 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of this Court, located at 3470 Twelfth Street, Riverside, CA 92501, Intervenor-Cross Claimants Meghan Herrera, Danielle Hach, Alisa Osborne, Carlie Zufelt, Gena Torres, Regina Cabral, and Sabrina Preciado, will, and hereby do move the Court for an order allowing them to intervene in this matter as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or alternatively for permissive intervention under Rule 24(b). The Intervenors have a direct, substantial, and legally protectable interest in this matter, disposition of this matter will impair and impede their ability to protect their interests, there is no party to this action who may adequately represent their interests, and the application for intervention is timely.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 28, 2017. Plaintiff's counsel was opposed to the Motion and Defendants' counsel was unopposed. This Motion is based on the attached Memorandum of Points and Authorities in support of the motion, the attached declarations of Intervenors, the attached Complaint in Intervention, on all other pleadings and papers on files in this case, and upon such other and further arguments, documents, and grounds as may be advanced in the future.

Dated: July 28, 2017

FELDMAN & FELDMAN, P.C.

By: */s/ William X. King*

William X. King
Casey T. Wallace (*PHV pending*)
Attorneys for Intervenors

# MEMORANDUM OF POINTS AND AUTHORITIES

Meghan Herrera, Danielle Hach, Alisa Osborne, Carlie Zufelt, Gena Torres, Regina Cabral, and Sabrina Preciado ("Dancer Intervenors" herein) move this Court to intervene in this action as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or in the alternative, seek permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1).

## BACKGROUND

This is a lawsuit brought by a single dancer[1], joined by one or more "opt-ins" as a putative class and collective action on behalf of herself and other similarly situated individuals who have worked or are working at Santa Barbara Hospitality Services, Inc. d/b/a Spearmint Rhino ("Spearmint Rhino") alleging that she and the "class" were misclassified LLC members. Plaintiff seeks to recover minimum wage compensation for herself and the class for performing dancing services at Spearmint Rhino pursuant to the California Labor Code, the California Business and Professions Code, and the Fair Labor Standards Act ("FLSA") and has added a Private Attorneys General Act ("PAGA") claim.[2] Both Plaintiff and the Dancer Intervenors had a choice as to whether to apply to be employees or LLC Members and to be treated accordingly and while Plaintiff, with 20-20 hindsight, seems to regret her choice, Dancer Intervenors do not and should not be impacted by Plaintiff's change of heart. Dancer Intervenors also acknowledge that they have

---

[1] On March 21, 2017, the case of *Lauren Byrne v. Santa Barbara Hospitality, Inc., The Spearmint Rhino Companies Worldwide, Inc., Spearmint Rhino Consulting Worldwide, Inc. and Santa Barbara Hospitality Services, LLC* was filed in the United States District Court for the Central District of California, Case No. 5:17-cv-00527-SVW-SP. Plaintiff Byrne purports to represent a nationwide class of exotic performers for alleged violations of the FLSA and other claims. In the interim Jennifer Diaz (*Byrne* Court Dkt. #28), Bianca Haney, Bambie Bedford and Cynthia Garza (*Byrne* Court Dkt. #30) "opted in" to the *Byrne* Action.

[2] In addition, Plaintiff Byrne also purports to represent a state and nationwide class of exotic performers for the same alleged violations of the FLSA and other claims.

entered into arbitration agreements with class action waivers and agree to be bound by any court rulings in that regard but until such time as orders are entered, they desire to have their voice heard before Plaintiff tramples on their rights.

Dancer Intervenors file this motion because Plaintiff does ***not*** represent the interests of active Spearmint Rhino dancers, and Plaintiff's interests are in fact directly adverse to the Dancer Intervenors. Dancer Intervenors are current dancers at Spearmint Rhino. Their livelihood depends on the flexibility and freedom afforded to them by virtue of having an ownership interest in the LLC under which Dancer Intervenors perform at Spearmint Rhino. This includes freedom to dance where and when they want to dance, freedom to charge whatever dance fee they feel is appropriate, and most importantly, the freedom and right to collect and keep the proceeds of their labor—the dance fees. The Plaintiff is a former dancer who has no vested interest in the on-going relationship between dancers and Spearmint Rhino. She stands to profit from a judgment in her favor but will not bear the consequences of a judicially-mandated employment relationship between dancers and Spearmint Rhino. The Plaintiff does not represent the Dancer Intervenors' interests.

Nor does Spearmint Rhino, whose primary interest is to avoid liability in this lawsuit, not to preserve the ownership interest or non-employee status of dancers going forward. Dancers classified as employees cannot waive the "protection" of the California Labor Code or the minimum wage provisions of the FLSA. An adverse ruling will significantly weaken the dancers' negotiation position with Spearmint Rhino. Spearmint Rhino would be free to impose all of the regulations and indicia of control that make up the employer-employee relationship and to which the Dancer Intervenors and all other similarly situated dancers are not currently subjected. Dancer Intervenors' only recourse is to seek a declaratory judgment in this case that all dancers are in-fact members of the LLC under which they perform at Spearmint Rhino and are not employees of Spearmint Rhino. An adverse disposition of this action will impede the Dancer Intervenors' (and all other dancers)

ability to protect their interest in the transaction—the legal relationship between dancers and Spearmint Rhino, and intervention should be granted as a matter of right. *See* FED. R. CIV. P. 24(a)(2). Alternatively, this Court should exercise its discretion to resolve the Dancer Intervenors' claim that dancers are restricted owners, and not employees, which involves the exact same questions of law and fact as the Plaintiffs' claims. *See* FED. R. CIV. P. 24(b)(2).

Meghan Herrera, Danielle Hach, Alisa Osborne, Carlie Zufelt, Gena Torres, Regina Cabral, and Sabrina Preciado have each executed declarations stating their support for intervention. (Exhibits 1-7). They are each shareholders of LLC enterprises, and their Restricted Shareholder Agreements set forth the parties' arrangement as well as their ownership status. They now seek leave to intervene to protect that status.

## ARGUMENT

A court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of this action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). A party seeking to intervene as of right must satisfy four requirements:

> (1) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

//

//

//

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *Southern California Edison Co. v. Lynch*, 307 F.3d 794, 802 (9th Cir. 2002). Rule 24(a) "receives a liberal instruction in favor of applicants seeking intervention." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010); *see also* 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE [hereinafter MOORE'S] § 24.03[1][a], at 24-22 (3d ed. 2008). Moreover, "a district court is required to accept as true the non-conclusory allegations made in support of an intervention motion." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) (citing with approval *Reich v. AMC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995)).

**I. The Dancer Intervenors Have a Direct, Substantial and Legally Protectable Interest in Preserving Their Ownership Status with the Defendant Club.**

In the Ninth Circuit, a "significant protectable interest" exists where the interest "is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). The relationship prong is satisfied if "the resolution of the plaintiff's claims will affect the intervention applicant—that is, where the applicant has a stake in the outcome of the litigation." *B.G.N. Fremont Square Ltd. v. Chung*, No. CV 10-9749 GAF (RZx), 2011 U.S. Dist. LEXIS 161042, at *15-16 (C.D. Cal. Sep. 27, 2011), (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003)).

The "interest" test is not a clear-cut rule because "no specific legal or equitable interest need be established." *Greene v. United States*, 996 F.2d 973, 980 (9th Cir. 1993); *see Arakaki*, 324 F.3d at 1084 (noting that the Supreme Court has yet to provide a clear definition of the nature of an interest relating to the property or transaction which is the subject of the action) (quotations omitted). Instead, the interest test is a threshold inquiry, one that "is primarily a practical guide to disposing

of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Cty. of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). The focus is on whether there is a "direct, non-contingent, substantial and legally protectable" interest required for intervention as a matter of right. *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981) (citation omitted).

The Ninth Circuit has issued several opinions that indicate when an intervenor has a "direct, substantial and, legally protectable interest." In those cases, intervention was appropriate where a court order threatened to interfere with the applicants' contractual relationship with a party to the lawsuit.

In *Southwest*, the Ninth Circuit reversed a trial court for denying a construction contractor the right to intervene in a suit filed by environmental organizations to challenge city projects of which the construction contractor would be a third-party beneficiary. *Southwest,* 268 F.3d at 820. Even though the contractor was a third-party beneficiary, and not a party to an Implementation Agreement ("IA") between the City of San Diego and local regulatory authorities regarding planned development, the Court held that the contractor had a legally protectable interest. *Id.* at 820. The contractor had not obtained "Third Party beneficiary" status under the Implementation Agreement, but the Court held that it "has made a *prima facie* showing that he has a substantial interest as a third-party beneficiary of the assurances and approval process set out in the IA that could be affected if the IA were invalidated." *Id.* "Contract rights are traditionally protectable interests." *Id.* (citing *Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)).

In *Sierra Club*, the Ninth Circuit also reversed the trial court's denial of the City of Phoenix's motion to intervene in a suit where the Sierra Club sought to require the Environmental Protection Agency (the "EPA") to adopt new standards that could jeopardize the City's existing permitting with the EPA. *Sierra Club*, 995 F.2d at 1480. Specifically, the Sierra Club sought to require the EPA to adopt more restrictive water discharge standards, and therefore sought relief which would

require changes in the City's permits. *Id.* at 1482. The Ninth Circuit held that the City's rights as landowner and its existing permitting agreements with the EPA gave it a legally protected interest in the lawsuit. *Id.*

Dancer Intervenors have a more direct interest in this lawsuit than the intervenors in *Southwest* or *Sierra Club*. Unlike those cases, where an order ***could*** result in an adverse change in the would-be intervenors' contractual relationships with a party, an adverse judgment in this case ***would necessarily*** create an adverse change in the relationship between the Dancer Intervenors and Spearmint Rhino by requiring the Dancer Intervenors to become employees – which Plaintiff always had the right to do but now seeks to require even Dancer Intervenors to comport with her desires rather than their own.

Finally, in *Reich v. ABC/York-Estes Corp.*, from which the Ninth Circuit adopted its rule to accept applicants' non-conclusory allegations as true, the Seventh Circuit reversed a district court's denial of intervention for intervenor dancers in a FLSA misclassification suit filed by the Secretary of Labor. *Reich*, 64 F.3d at 317, 323. Dancer Intervenors have a legally protectable interest just as Plaintiffs do—they are both interested in their contractual classification status. The *Reich* court's analysis applies equally here:

> All concerned here recognize that a core issue in this case is whether the dancers are "employees" under [the FLSA]. If not (that is, if the dancers are independent contractors), the Act does not apply to ABC. So, the threshold issue in this case is a very narrow one involving a peculiar set of facts applicable only to this employment [sic] relationship. The resolution of this issue will define, as a matter of law, the contractual nature of the relationship between the dancers and ABC. This strikes us as quite direct and significant.

//

//

64 F.3d at 322; *accord* Exhibit 8, *D N.W. Houston, Inc. v. Coronado*, Case No. 4:130cv092179 (S.D. Tex. Dec. 23, 2015) (pp. 9-13) (granting Dancer Intervenor's Motion to Intervene as of Right and on Permissive Grounds). The Dancer Intervenors have a direct, substantial, and legally protectable interest in this lawsuit.

**II. Disposition of This Action Will Impair and Impede the Dancer Intervenors' Ability to Protect Their Interest in Preserving Their Ownership or Non-Employee Status.**

Once an applicant successfully demonstrates a sufficient interest in the subject of the action, it must then show that disposition of the action "may as a practical matter impair or impede the movant's ability to protect its interest…" unless intervention is allowed. FED. R. CIV. P. 24(a)(2). The impairment requirement does not demand that the movant be bound by a possible future judgment, and the current requirement is a great liberalization of the prior rule. *See* MOORE'S § 24.03[3][a], at 24-41. Courts follow "the guidance of Rule 24 advisory committee notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Southwest*, 268 F.3d at 822; (quoting FED. R. CIV. P. 24 advisory committee's notes).

Not only affected in a practical sense, the Dancer Intervenors would in fact be ***bound*** by a possible future judgment that the dancers are employees. "[E]mployees cannot waive the 'protection' of the Act…once they are labeled 'employees,' they are stuck." *Reich*, 64 F.3d at 323. Such a judgment would have the following result:

> The dancers would be deprived of critical leverage in negotiating their conditions of employment, and they…would be forced into an employer/employee relationship. The prospect of this unfavorable result meets the impairment prong of Rule 24(a)(2).

*Id.* at 323. Dancer Intervenors enjoy innumerable freedoms and opportunities for profit as a result of their current status. For example, Dancer Intervenors have the ability to make their own schedule, dance at any club they wish, dance for whomever they wish in the club, negotiate the dance fee that they want to charge patrons, and most importantly, keep the dance fees for themselves. An adverse judgment in this case would change all of that. Accordingly, disposition of this action would completely impede the Dancer Intervenors' and all other dancers' ability to protect their status as non-employees. *See, e.g.*, *id*. at 822.

## III. No Party to this Action Adequately Represents the Dancer Intervenors' Interests.

To be entitled to intervention as a matter of right, the applicant's interest must not be adequately represented by the existing parties to the suit. *Southwest*, 268 F.3d at 823. The burden of showing inadequacy is a "minimal" one that is satisfied if the applicant demonstrates that representation of its interests "may be" inadequate. *Southwest*, 268 F.3d at 823; *Citizens for Balanced Use*, 647 F.3d at 900 ("intervention of right does not require an absolute certainty … that existing parties will not adequately represent [the applicant's] interests"). In determining adequacy of representation by existing parties, courts consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Id.* at 822-23. (citing *Northwest Forest Resource Council* ("*NFRC*") *v. Glickman*, 82 F.3d 825, 836 (9th Cir.1996)); *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir.1986)). The "most important factor" to determine whether a

proposed intervenor is adequately represented by a present party to the action is "how the [intervenor's] interest compares with the interests of existing parties." *Arakaki*, 324 F.3d at 1086 (citations omitted).

Applying the standard from *Southwest*, neither Spearmint Rhino nor Plaintiff would advance all of the Dancer Intervenors' legal arguments. First, Plaintiff's interest in this case is opposite the Dancer Intervenors—she seeks a completely opposite outcome. Furthermore, in this case, Spearmint Rhino has only one interest to protect, while the Dancer Intervenors have many. Spearmint Rhino's only interest in this lawsuit is pecuniary—limiting or eliminating liability for alleged statutory violations. The Dancer Intervenors, on the other hand, have a vested interest in maintaining the integrity of their existing relationship, for the reasons more fully discussed above. Spearmint Rhino has an economic incentive to settle this lawsuit on terms that concede an employment relationship with dancers going forward, if such a term would lessen its financial exposure in this case. The terms of that settlement agreement would operate to the complete detriment of the Dancer Intervenors. *See Reich*, 64 F.3d at 323 ("once they are labeled 'employees,' they are stuck.").

If the Dancer Intervenors are not involved in this case, not only may Spearmint Rhino fail to make all of the arguments Dancer Intervenors seek to make on the classification issue, but Spearmint Rhino may well give up the Dancer Intervenors' ultimate goal—owner or non-employee classification—in exchange for settlement consideration:

> Although the defendant[] and the intervenors appear to share an interest in having all dancers at the club[] remain independent contractors, their reasons differ. The defendants are likely to assert independent-contractor status as long as it minimizes their liability and the wages they must pay. The proposed intervenors seek independent-contractor status for reasons related to the work itself, at clubs other than those sued here. Because of these separate interests, the defendants may rely

> on other grounds as the litigation and their strategy evolve. Or the defendants may settle on terms that include recognizing the dancers as employees or leaves the independent-contractor status issue undefended.

*D N.W. Houston, Inc.*, at 12. Spearmint Rhino does not have a vested interest in protecting the Dancer Intervenors contractual arrangement with the club – it just wants to avoid liability. *See Southwest*, 268 F.3d at 820 ("Contract rights are traditionally protectable interests."). Spearmint Rhino does not adequately represent the dancers, and Dancer Intervenors have met the "minimal" burden of establishing the possibility of inadequate representation.

**IV. This Application is Timely Because Dancer Intervenors Acted Diligently As Soon As They Learned of Their Interest in This Case and Because No Substantive Issues Have Yet Been Decided.**

The timeliness of an applicant's intervention is a flexible concept that rests within the "considerable discretion" of the trial court. *Dilks*, 642 F.2d at 1156. In determining timeliness, courts "do not necessarily put potential intervenors on the clock at the moment the suit is filed or even at the time they learn of its existence." *Reich*, 64 F.3d at 321. In fact, "[a] motion filed then might cause the 'potential intervenor [to] be laughed out of court.'" *D. Houston, Inc.*, at 11 (quoting *Reich*, 64 F.3d at 321). Courts in the Ninth Circuit examine three factors when evaluating the timeliness of a motion to intervene: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (citation and internal quotation marks omitted).

//

//

//

In this case, no depositions have been taken,[3] no class has been certified, and granting this motion would require no further proceedings. "Had the dancers been permitted to intervene, it is reasonable to conclude that whatever discovery they required could have been completed within the current timeframe." *Reich* F.3d at 322. Plaintiffs have suffered no prejudice, and the motion to intervene is timely.

## V. In the Alternative, This Court Should Allow Permissive Intervention.

Even if this Court determines that the Dancer Intervenors are not entitled to intervene as a matter of right, this Court should allow them to intervene on a permissive basis. "On timely motion the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

Unlike intervention as a right, an applicant seeking permissive intervention need not demonstrate a "significant protectable interest." Instead, the applicant must establish three threshold requirements: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412; *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013).

The central issue in this case, which includes claims by dancers against Spearmint Rhino, is whether dancers are or are not employees. When a claim involves the same questions of law or fact, as in a dispute between different parties about the same contract, the trial court properly allows permissive intervention. *See*,

[3] In its Order dated June 12, 2017, this Court allowed for limited discovery pertaining to the merits of a motion for conditional certification of a collective action. Should such discovery be initiated, Dancer Intervenors should be allowed to participate.

*e.g.*, *Cty. of Orange v. Great Lakes Reinsurance (UK) PLC*, No. SACV 12-1615-JST (FFMx), 2013 U.S. Dist. LEXIS 199126, at *13 (C.D. Cal. Mar. 7, 2013) (finding common questions of law and fact because interpretation of insurer's policy was common to all disputes); *Lennar Mare Island, LLC v. Steadfast Ins*. Co., No. 2:12-cv-02182-KJM-KJN, 2016 U.S. Dist. LEXIS 139383, at *14-15 (E.D. Cal. Oct. 5, 2016) (finding common questions of law and fact because United States sought declaratory judgment under one of defendant's insurance policies).

In this case, particularly given the lack of substantive merits based determinations or deposition discovery, permissive intervention better serves the interest of judicial economy, and the Dancer Intervenors respectfully request that this Court consider permissive intervention in the event it does not grant intervention as a matter of right.

## CONCLUSION

Meghan Herrera, Danielle Hach, Alisa Osborne, Carlie Zufelt, Gena Torres, Regina Cabral, and Sabrina Preciado respectfully request that this Court grant their Motion for Intervention, grant them leave to file the attached Intervenor Complaint and award them all further relief to which they may be entitled under law and equity.

Dated: July 28, 2017

Respectfully submitted,

By: /s/ *William X. King*

William X. King
Cal. Bar No. 291202
Casey T. Wallace
(*Pro hac vice pending)*
FELDMAN & FELDMAN, PC
3355 W. Alabama, Ste. 1220
Houston, TX 77098
Tel: (713) 986-9471
Fax: (713) 986-9472
will.king@feldman.law
casey.wallace@feldman.law
**COUNSEL FOR INTERVENORS**

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2017, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Central District of California, using the CM/ECF System of the Court and that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Peter E. Garrell
John M. Kennedy
GARRELL LAW, P.C.
1875 Tandem Way
Norco, CA 92860
Tel: (714) 451-4148
pgarrell@garrelllaw.com
jkennedy@garrelllaw.com
**ATTORNEYS FOR DEFENDANTS**

Melinda Arbuckle
BARON AND BUDD PC
15910 Ventura Blvd. Ste. 1600
Encino, CA 91436
Tel: (818) 839-6506
Fax: (818) 986-9698
marbuckl@baronbudd.com

Ricardo J Prieto
Todd Slobin
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza Suite 1515
Houston, TX 77046
Tel: (713) 621-2277
Fax: (713) 621-0993
rprieto@eeoc.net
tslobin@eeoc.net
**ATTORNEYS FOR PLAINTIFFS**

/s/ William X. King
William X. King