WILLIAM X. KING (SBN 291202)
will.king@feldman.law
CASEY T. WALLACE
(*pro hac vice pending*)
casey.wallace@feldman.law
FELDMAN & FELDMAN, PC
3355 W. Alabama, Suite 1220
Houston, TX 77098
Telephone: (713) 986-9471
Facsimile: (713) 986-9472

ATTORNEYS FOR INTERVENORS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| LAUREN BYRNE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>SANTA BARBARA HOSPITALITY, INC., THE SPEARMINT RHINO COMPANIES WORLDWIDE, INC.SPEARMINT RHINO CONSULTING WORLDWIDE, INC., and SANTA BARBARA HOSPITALITY SERVICES, LLC,<br><br>Defendants. | Case No. 5:17-cv-00527 JGB (KKx)<br><br>[Assigned to The Hon. Jesus G. Bernal]<br><br>**INTERVENOR CROSS-CLAIMANT'S CLASS ACTION COMPLAINT IN INTERVENTION**<br><br>Date Action Filed: March 21, 2017 |

## NATURE OF THE ACTION

Meghan Herrera, Danielle Hach, Alisa Osborne, Carlie Zufelt, Gena Torres, Regina Cabral, and Sabrina Preciado ("Dancer Intervenors") file this Class Action Complaint in Intervention as party cross-claimants, alleging claims against the Plaintiffs as authorized by Federal Rule of Civil Procedure 24.

## PARTIES

Meghan Herrera, Danielle Hach, Alisa Osborne, Carlie Zufelt, Gena Torres, Regina Cabral, and Sabrina Preciado are individuals who work in California.

Plaintiffs and all those who have consented to join in this action, have already made an appearance in this action and may be served with this Class Action Complaint in Intervention by a copy of same being provided to their attorney of record herein.

Defendant has already made an appearance in this action and may be served with this Class Action Complaint in Intervention by a copy of same being provided to its attorney of record herein.

## JURISDICTION & VENUE

This Court has original jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 because it involves a civil action arising under federal law. This Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367 because all claims asserted herein are so related to claims within such original jurisdiction and includes claims that involve the intervention of additional parties.

Venue is proper in the Central District of California, Eastern Division under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

Dancer Intervenors are current dancers who perform at one or more venues known as Spearmint Rhino, and they have all signed LLC Agreements and are members of the LLC under which they perform as owners of the respective

Spearmint Rhino. Their livelihoods depend on the flexibility and freedom afforded to them by virtue of their status as non-employees. This includes freedom to dance where and when they want to dance, freedom to charge whatever fee they feel is appropriate, and most importantly, the freedom and right keep some or all of the proceeds of their labor – the fees received for their entertainment services from their customers. Plaintiffs in this lawsuit had an opportunity to apply to be employees, rejected that opportunity, instead applying to be LLC Members, and with 20-20 hindsight now seek a judicial determination that dancers at Spearmint Rhino are in fact 'employees' within the meaning of the California Labor Code, the California Business and Professions Code, and the Fair Labor Standards Act ("FLSA"); and Plaintiffs have added a Private Attorneys General Act ("PAGA") claim. Such a determination will destroy the Dancer Intervenors' contractual relationship with Spearmint Rhino as non-employees, and will require them to be subject to the control of an employment relationship, which threatens their livelihood.

## CLASS ACTION ALLEGATIONS

Dancer Intervenors bring this action on their own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

### A. Proposed Class Definition

Dancer Intervenors seek certification of the following class:

> All dancers with currently active LLC Operating Agreements pursuant to which they perform at the various Spearmint clubs.

### B. Numerosity

The members of the Class are so numerous that joinder of all members is impractical. There are over 1,000 dancers who are currently active dancers performing pursuant to an LLC Operating Agreement, many of whom have indicated an interest in joining the Class.

**C. Adequacy of Representation**

Dancer Intervenors can and will fairly and adequately represent and protect the interests of the Class because Dancer Intervenors are similarly situated with the members of the Class they seek to represent.

Dancer Intervenors have no interests that conflict or are antagonistic to the interests of the entire class.

Dancer Intervenors have retained attorneys competent and experienced in mass employment litigation and who will vigorously prosecute this litigation.

**D. Commonality**

Among the questions of law and fact common to the Class are

(1) whether the Dancer Intervenors and the Class they seek to represent, are, as their agreement and business practice dictates, in fact not employees of Spearmint Rhino.

**E. Typicality**

Dancer Intervenor claims are typical of the claims of the Class, in that they arise out of the same factual and legal theories.

**G. Nature of Proposed Notice**

The class is specifically identifiable to facilitate provisions of adequate notice and there will be no significant problems managing this case as a class action.

**F. Predominance & Superiority**

Resolution of Class members' claims in this single class action is superior to resolution of this controversy through the filing of a host of individual actions as a matter of efficiency, consistency, and in that it removes economic and other barriers to class members pursuing their claims.

There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class members.

No member of the Class has a substantial interest in individually controlling the prosecution of a separate action. It is desirable to concentrate the litigation of these claims in this forum since the entirety of the facts relevant to this dispute took place in California. The resolution of the claims of all Class members in a single forum, and in a single proceeding, will be a fair and efficient means of resolving the issues raised in this class action.

Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant.

## **CAUSE OF ACTION – DECLARATORY JUDGMENT**

Dancer Intervenors are in a justifiable controversy with Plaintiffs, who seek to classify Dancer Intervenors as employees. This controversy relates to Dancer Intervenors and Plaintiffs rights pursuant to their contract with Spearmint Rhino; Dancer Intervenors have legally protected rights to remain as non-employees; the issue is ripe for judicial determination as it is already presented before the Court. FED. R. CIV. P. 57; 28 U.S.C. § 2201.

Dancer Intervenors therefore seek a declaratory judgment that dancers at Spearmint Rhino are in fact not 'employees' as that term is defined by the California Labor Code and the Fair Labor Standards Act.

## **AWARD OF COSTS**

Dancer Intervenors are entitled to recovery of their costs pursuant to 28 U.S.C. § 2202.

## PRAYER

Dancer Intervenors respectfully request that judgment be rendered granting them declaratory relief as set forth above, costs of suit, and all such other relief to which Dancer Intervenors may be entitled.

Dated: July 28, 2017

Respectfully submitted,

By: /s/ William X. King

William X. King
Cal. Bar No. 291202
Casey T. Wallace
(*Pro hac vice pending)*
FELDMAN & FELDMAN, PC
3355 W. Alabama, Suite 1220
Houston, TX 77098
Tel: (713) 986-9471
Fax: (713) 986-9472
will.king@feldman.law
casey.wallace@feldman.law
**COUNSEL FOR INTERVENORS**