**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION - RIVERSIDE**

| | |
|---|---|
| LAUREN BYRNE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF INDUSTRY HOSPITALITY VENTURE, INC., *et al.*, <br><br> Defendants. | Case No: 5:17-cv-00527 JGB (KKx) <br><br> **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF SETTLEMENT.** <br><br> Date: October 30, 2017 <br> Time: 9:00 a.m. <br> Place: Courtroom 1 <br> Judge: Hon. Jesus G. Bernal |

**[AMENDED PROPOSED] ORDER**

On October 4, 2017, Plaintiffs filed their Unopposed Motion for Class Certification and Preliminary Approval of Class Action Settlement with Defendants ("Spearmint Rhino"). The Court, having reviewed the motion, the settlement agreement, the pleadings and other papers on file in this action, and the

statements of counsel and the parties, hereby finds that the motion should be GRANTED.

    **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

  1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the settlement agreement, to the extent not contradictory or mutually exclusive.

  2. The Court hereby preliminarily approves the settlement agreement.

  3. The Court finds that the settlement falls within the range of possible final approval and that there is a sufficient basis for notifying the settlement class and for setting a Fairness Hearing.

  4. The Court finds that there is sufficient evidence to support certification of a FLSA collective action concerning "similarly situated" exotic dancers at Spearmint Rhino nationwide. Therefore, pursuant to 29 U.S.C. § 216(b), the Court certifies the following FLSA settlement class for purposes of this Motion only:

    a. All current and former exotic dancers who worked at any Spearmint Rhino, Dames N Games and/or Blue Zebra location in the United States, excluding the state of Nevada, from any time starting three years before February 3, 2017 to the present.

  5. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following settlement class for purposes of this Motion only:

    a. All current and former exotic dancers who worked at any Spearmint Rhino, Dames N Games and/or Blue Zebra location in the State

of California from any time starting four years prior to February 3, 2017 until the date the case resolves.

  b. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Florida from any time starting five years prior to February 3, 2017 until the date the case resolves.

  c. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Idaho from any time starting three years prior to February 3, 2017 until the date the case resolves.

  d. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Iowa from any time starting three years prior to February 3, 2017 until the date the case resolves.

  e. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Kentucky from any time starting three years prior to February 3, 2017 until the date the case resolves.

  f. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Minnesota from any time starting three years prior to February 3, 2017 until the date the case resolves.

  g. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Oregon from any time starting three years prior to February 3, 2017 until the date the case resolves.

  h. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Texas from any time starting three years prior to February 3, 2017 until the date the case resolves.

6. The Court further finds that the prerequisites to certifying a settlement class under Rule 23 are satisfied for settlement purposes in that: (a) there are thousands of geographically dispersed settlement class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the settlement class which predominate over individual issues; (c) the claims or defenses of the settlement class plaintiffs are typical of the claims or defenses of the settlement class; (d) the plaintiffs will fairly and adequately protect the interests of the settlement class, and have retained counsel experienced in wage and hour class action litigation who have, and will continue to, adequately represent the settlement class; and (e) a settlement class resolution is superior to individual settlements.

7. The Court hereby appoints Plaintiffs Lauren Byrne, Bambie Bedford, Jenetta L. Bracy, and Jennifer Disla, as Representative Plaintiffs of the settlement classes listed above.

8. The Court appoints the law firms of Shellist Lazarz Slobin, LLP; Baron & Budd, P.C.; and Napoli Shkolnik PLLC to serve as Class Counsel for the settlement class.

9. The Court approves the Notice incorporated to Exhibit A as Exhibit 2 asa proper Notice to the Class. The Court finds the Notice is: (i) the best notice practicable; (ii) reasonably calculated to, under the circumstances, apprise the settlement class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive

notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

10.  The Court appoints Kurtzman Carson Carlson, LLC, & Co as the claims administrator. Kurtzman Carson Carlson, LLC, & Co shall provide direct notice of the settlement to all members of the settlement class pursuant to the terms of the settlement agreement and within twenty (20) days after being provided with contact information from Defendants and after performing national change of address updates to the Class Member list.

11.  Each settlement class member shall have the right to be excluded from the settlement class by mailing a request for exclusion to the claims administrator as specified in the Notice, and by the date specified in the Notice. Requests for exclusion must be in writing and set forth the name and address of the person who wishes to be excluded and must be signed by the class member seeking exclusion.

12.  Any settlement class member who does not properly and timely request exclusion from the settlement class as provided above shall, upon final approval of the settlement, be bound by the terms and provisions of the settlement so approved, including but not limited to the releases, waivers, and covenants described in the agreement, whether or not such person objected to the settlement agreement.

13.  Each settlement class member who has not timely excluded himself or herself from the settlement shall have the right to object to the settlement by mailing written objections to the claim administrator as specified in the Notice, and by the date specified in the Notice. Failure to timely file and serve written objections will preclude a class member from objecting to the settlement.

14. The Court will conduct a Fairness Hearing to determine the following:

 a. Whether each proposed settlement is fair, reasonable, and adequate and should be granted final approval;

 b. Whether final judgment should be entered dismissing the claims of the settlement class against Defendant;

 c. Approval of the plan of allocation; and

 d. Such other matters as the Court may deem appropriate.

15. The Court orders the following schedule for further proceedings:

- **COMPLETED** - Defendants to give appropriate notice under CAFA, 28 U.S.C. § 1715.
- **NOVEMBER 13, 2017** - Defendants to provide updated Class Member data, if any, for preparation of the Notice and updated plan of allocation of Individual Settlement Payments.
- **DECEMBER 4, 2017** - Claims Administrator to mail the Notice to Class Members.
- **FEBRUARY 2, 2018** - FLSA opt-in period and Claim submission period ends.
- **FEBRUARY 2, 2018** - Deadline to submit Requests for Exclusion and objections to the Settlement.
- **FEBRUARY 23, 2018** - Plaintiffs to file Motions for Fees, Enhancement Awards, and Class Representative Incentive Fees.
- **FEBRUARY 23, 2018** - Final Approval papers to be filed.
- **FEBRUARY 28, 2018** - Last day for Parties to respond to any objections.
- **MARCH 5, 2018** - Final Approval Hearing.

16. Plaintiffs are granted leave to file their Second Amended Complaint and shall do so within 5 days from the date of this Order.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlement.

SO ORDERED this 7th day of November, 2017.

*[signature]*

Honorable Jesus G. Bernal
United States District Judge