JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LAUREN BYRNE *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF INDUSTRY HOSPITALITY VENTURE, INC., *et al.*,<br><br>Defendants. | Case No. EDCV 17-527 JGB (KKx)<br><br>**JUDGMENT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

This matter comes before the Court on Plaintiffs' Unopposed Motion For Final Approval Of Collective and Class Action Settlement and Unopposed Motion for Attorneys' Fees, Costs and Expenses, by and through their counsel ("Class Counsel") for an order and judgment finally approving the Parties' Stipulation and Settlement Agreement, submitted to the Court on October 4, 2017 at ECF Dkt. No. 64-1 and 64-2 ("Settlement Agreement") and dismissing with prejudice all claims asserted in this action:

WHEREAS, Plaintiffs Lauren Byrne ("Byrne"), Jenetta L. Bracy ("Bracy"), Jennifer Perez ("Perez"), and Jennifer Disla ("Disla," collectively "Plaintiffs"), on behalf of themselves and all others similarly situated (the "Class Members"), and

1  Defendants City of Industry Hospitality Venture, Inc., City of Industry Hospitality
2  Venture, LLC, DG Hospitality Van Nuys, LLC, Farmdale Hospitality Services,
3  Inc., Farmdale Hospitality Services, LLC, High Expectations Hospitality, LLC,
4  High Expectations Hospitality Dallas, LLC, Inland Restaurant Venture I, Inc.,
5  Inland Restaurant Venture I, LLC, Kentucky Hospitality Venture, LLC, Kentucky
6  Hospitality Venture Lexington, LLC, L.C.M., LLC, LCM1, LLC, Midnight Sun
7  Enterprises, Inc., Midnight Sun Enterprises, LLC, Nitelife, Inc., Nitelife
8  Minneapolis, LLC, Olympic Avenue Venture, Inc., Olympic Avenue Ventures,
9  LLC, Rialto Pockets, Incorporated, Rialto Pockets, LLC, Rouge Gentlemen's Club,
10 Inc., Santa Barbara Hospitality Services, Inc., Santa Barbara Hospitality Services,
11 LLC, Santa Maria Restaurant Enterprises, Inc., Santa Maria Restaurant
12 Enterprises, LLC, Sarie's Lounge, LLC, The Oxnard Hospitality Services, Inc.,
13 The Oxnard Hospitality Services, LLC, Washington Management, LLC,
14 Washington Management Los Angeles, LLC, Wild Orchid, Inc., Wild Orchid
15 Portland, LLC, World Class Venues, LLC, World Class Venues Iowa, LLC, W. P.
16 B. Hospitality, LLC, WPB Hospitality West Palm Beach, LLC, The Spearmint
17 Rhino Companies Worldwide, Inc., Spearmint Rhino Consulting Worldwide, Inc.
18 ("Defendants") have entered into the Settlement Agreement, intending to resolve
19 claims alleged by Plaintiffs that they were not properly paid wages in violation of
20 the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and state law
21 counterparts, including a representative PAGA action. (*See* ECF Dkt. No. 75,
22 Second Amended Complaint in the above-captioned lawsuit);
23     WHEREAS, the Settlement Agreement, together with its exhibits, set forth
24 the terms and conditions for a proposed settlement and dismissal with prejudice of
25 this action against Defendants;
26     WHEREAS, for purposes of settlement only, Plaintiffs seek the final
27 certification of the following opt-out settlement classes pursuant to Fed. R. Civ. P.
28 23:

a. All current and former exotic dancers who worked at any Spearmint Rhino, Dames N Games and/or Blue Zebra location in the State of California from any time starting four years prior to February 3, 2017 until the date the case resolves.

b. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Florida from any time starting five years prior to February 3, 2017 until the date the case resolves.

c. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Idaho from any time starting three years prior to February 3, 2017 until the date the case resolves.

d. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Iowa from any time starting three years prior to February 3, 2017 until the date the case resolves.

e. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Kentucky from any time starting three years prior to February 3, 2017 until the date the case resolves.

f. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Minnesota from any time starting three years prior to February 3, 2017 until the date the case resolves.

g. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Oregon from any time starting three years prior to February 3, 2017 until the date the case resolves.

h. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Texas from any time starting three years prior to February 3, 2017 until the date the case resolves.

WHEREAS, for purposes of settlement only, the Plaintiffs also seek final certification of the following opt-in settlement class pursuant to Section 216(b) of the FLSA:

a. All current and former exotic dancers who worked at any Spearmint Rhino, Dames N Games and/or Blue Zebra location in the United States from any time starting three years before February 3, 2017 to the present.

WHEREAS, on October 30, 2017 and on November 7, 2017, this Court entered Orders granting Preliminary Approval of the Settlement (ECF Dkt. No. 74 & 80): (1) asserting jurisdiction over the claims alleged, the Parties in the Litigation, and the implementation and administration of this Settlement Agreement; (2) adjudging the terms of this Settlement Agreement to be fair, reasonable and adequate, and in the best interests of the Plaintiffs, Opt-in Plaintiffs, and members of the Settlement Classes, and directing consummation of its terms and provisions; (3) conditionally certifying the Settlement Classes for settlement purposes only; (4) appointing the Plaintiffs as class representatives who, together with Class Counsel, shall be authorized to act on behalf of all members of the Settlement Classes with respect to the claims asserted in the Litigation and this Settlement Agreement; (5) approving as to form and content the Settlement Notice and Claim Forms and authorizing the first-class mailing of the Settlement Notice and Claim Forms to all members of the Settlement Classes; (6) appointing the law firms of Shellist Lazarz Slobin, LLP; Baron & Budd, P.C.; and Napoli Shkolnik PLLC as Class Counsel for the Settlement Classes pursuant to Section 216(b) of the FLSA and Federal Rule of Civil Procedure 23; (7) appointing Kurtzman Carson Carlson, LLC, & Co ("KCC") as the Claims Administrator; and (8) setting a sixty (60) calendar day deadline for the execution and return of fully completed Claim Forms, requests for exclusion, or objections; and (9) setting the final approval hearing date for March 5, 2018;

WHEREAS, the Court has before it Plaintiffs' Unopposed Motion For Final Approval Of Collective and Class Action Settlement and Motion for Attorneys' Fees, Costs and Expenses ("Plaintiffs' Motion") and papers in support thereof, together with the Settlement Agreement and its Exhibits;

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants;

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, Plaintiffs' Motion, and the exhibits thereto, and other materials filed in support of Plaintiffs' Motion, and otherwise having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below, giving final approval to the Settlement Agreement upon the terms and conditions set forth in this and entering final judgment;

WHEREAS, the Court has before it three Objections to the Settlement filed by Shala Nelson, Ashley Ingraham, and Adriana Ortega (ECF Dkt. No. 83, 89, & 90;

WHEREAS, on February 28, 2018, Responses were filed to the Objections; and

WHEREAS, for the reasons cited in this Order after consideration of all pleadings filed, and arguments of Counsel and Objectors at the Final Approval Hearing, Objections ECF Dkt. No. 83, 89, & 90 lack merit and are therefore OVERRULED.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The Court has jurisdiction over the subject matter of this action, including the claims asserted, the Plaintiffs, the members of the FLSA Settlement Class, the members of the State Law Settlement Classes, Defendants, and the implementation and administration of the Settlement Agreement pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a), including the following opt-in collective action settlement class pursuant to Section 216(b) of the FLSA

also preliminarily certified by the Court's October 30, 2017 and November 7, 2017 Preliminary Approval Orders:

    a. All current and former exotic dancers who worked at any Spearmint Rhino, Dames N Games and/or Blue Zebra location in the United States from any time starting three years before February 3, 2017 to the present;

And the following opt-out settlement classes pursuant to Fed. R. Civ. P. 23 that were preliminarily certified by virtue of the Court's October 30, 2017 and November 7, 2017 Preliminary Approval Orders

    a. All current and former exotic dancers who worked at any Spearmint Rhino, Dames N Games and/or Blue Zebra location in the State of California from any time starting four years prior to February 3, 2017 until the date the case resolves.

    b. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Florida from any time starting five years prior to February 3, 2017 until the date the case resolves.

    c. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Idaho from any time starting three years prior to February 3, 2017 until the date the case resolves.

    d. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Iowa from any time starting three years prior to February 3, 2017 until the date the case resolves.

    e. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Kentucky from any time starting three years prior to February 3, 2017 until the date the case resolves.

    f. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Minnesota from any time starting three years prior to February 3, 2017 until the date the case resolves.

      g. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Oregon from any time starting three years prior to February 3, 2017 until the date the case resolves.

      h. All current and former exotic dancers who worked at any Spearmint Rhino location in the State of Texas from any time starting three years prior to February 3, 2017 until the date the case resolves.

3. The Court finds, for purposes of settlement only, that the FLSA Settlement Class, as defined above, satisfies the requirements to be maintainable as a settlement collective action under 29 U.S.C. § 216(b), and that those members of the FLSA Settlement Class who opted into the settlement class as defined in the Settlement Agreement constitute the Final FLSA Settlement Class, as defined in the Settlement Agreement.

4. The Court finds, for purposes of settlement only, that the State Law Settlement Classes, as listed and defined above, satisfy the requirements of Fed. R. Civ. P. 23(a) and are maintainable under Rule 23(b)(3), and that those members of the State Law Settlement Classes who did not timely and validly exclude themselves from the class in compliance with the opt-out and exclusion procedures set forth in the Settlement Agreement constitute the Final State Law Settlement Classes, as that term is used in the Settlement Agreement.

5. Together, the FLSA Settlement Class and the State Law Settlement Classes shall be referred to herein as the Final Settlement Classes and are finally certified, for final settlement purposes only, to effectuate the terms of the Settlement Agreement.

6. The Settlement Notice, as authorized by the Preliminary Approval Order, and as disseminated by the Claims Administrator, adequately informed members of the Settlement Classes of, among other things, the terms of the Settlement Agreement, the process available to them to obtain monetary relief, and informed members of the State Law Settlement Classes of their right to exclude themselves

from the Settlement Agreement and to pursue their own remedies, as well as their opportunity to file written objections and to appear and be heard at the Final Approval Hearing. The Settlement Notice also adequately informed members of the Settlement Classes of a toll-free number for the Claims Administrator and a website at which they could access additional information regarding the case and the proposed Settlement Agreement. The Court hereby finds that the Settlement Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

7. The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate with respect to the Defendants, Plaintiffs and all members of the Settlement Classes. The Court finds that sufficient investigation, research and litigation have been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms'-length negotiations, including mediation with an experienced third-party neutral.

8. In accordance with the Settlement Agreement, Defendants shall provide to the Claims Administrator funds equal to the Net Settlement Amount, as defined in the Settlement Agreement, within five (5) days of the "Effective Date" as defined in the Settlement Agreement. Also in accordance with the Settlement Agreement, the Claims Administrator shall mail Settlement Payments to Claimants, and Service Payments (if applicable), along with a copy of the Final Approval Order thirty days following the "Effective Date" as defined in the Settlement Agreement.

9. Class Counsel shall be awarded 20% plus costs and expenses ($1,700,000 plus costs and expenses of $19,646.86 for a total of $1,719,646.86) from the total Settlement Amount ($8,500,000.00) for fair and reasonable attorneys' fees, costs and expenses incurred in the prosecution of this litigation. Attorneys' fees and

costs awarded by the Court shall be paid by Existing Clubs to Class Counsel, with the first payment being made within thirty (30) days of the Effective Date and shall be paid in not less than six equal monthly installments. Interest shall not accrue on any amount awarded by the Court if payment is timely made under this Section. At least twenty days prior to the Effective Date, Class Counsel shall unanimously send Defendants' Counsel instructions (signed by one representative from each of the Class Counsel law firms) as to how the attorneys' fees and costs awarded by the Court shall be disbursed. If no such letter (and a corresponding W-9) is received by 5 p.m. on the twentieth day before the Effective Date, the amount of attorney fees and costs awarded by the Court will be deposited as set forth in this Paragraph into the trust account of Lead Class Counsel and the funds will only be disbursed to Class Counsel based on joint instructions by all Class Counsel to Lead Class Counsel instructing on the manner, amount and timing of payments and identity of payee(s) of the funds. The Claims Administrator shall also be paid its Settlement Expenses from the Gross Settlement up to $85,000.00 (less any pre-payment provided).

10. Service Payments, as set forth in the Settlement Agreement, are approved for Plaintiffs Byrne, Bracy, and Disla, in the amount of $2,500.00 each, due to their performance of substantial services for the benefit of the Settlement Classes. Such Service Payments are to be paid from the Gross Settlement Amount, as specified in the Settlement Agreement.

11. The Court finds and determines that the payments to be made to the Plaintiffs and Claimants, as provided in the Settlement Agreement are fair, reasonable and adequate, and gives final approval to and orders that those payments be made to Claimants and Plaintiffs.

12. The Court finds that the releases as provided in the Settlement Agreement are fair and reasonable and gives its final approval to such releases. Effective as of the "Effective Date," as that term is defined in the Settlement

Agreement, Plaintiffs and all Releasing Persons hereby forever completely settle, compromise, release, and discharge the Released Persons from any of the Released Claims as defined in Section 9 of the Settlement Agreement. See ECF Dkt. No. 64-1.

13. All members of the Settlement Classes who submitted a claim form or did not opt out of the Settlement Agreement shall release all Released Claims, including all claims under PAGA, pursuant to the Settlement Agreement.

14. The Court finds that, pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), Defendants properly paid for and sent the CAFA Notice to the appropriate federal and state officials.

15. This Court enters final judgment on and hereby dismisses the Litigation on the merits and with prejudice, and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

16. The Court retains jurisdiction over this Litigation and the Parties to administer, supervise, interpret and enforce the Settlement Agreement and this Order.

Dated: December 13, 2018

THE HONORABLE JESUS G. BERNAL
United States District Judge